

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00108-CV

IN THE INTEREST OF C.W.,
A CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-105491-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant S.W. (Father) appeals the trial court's final order terminating his parental rights to C.W. *See* Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2017). The trial court found by clear and convincing evidence that Father

---

[1]*See* Tex. R. App. P. 47.4.

constructively abandoned C.W. and that terminating Father's parental rights was in C.W.'s best interest.[2] *See id.* § 161.001(b)(1)(N), (b)(2).

Father's appointed counsel's brief shows that he has (1) professionally evaluated the record, (2) shown why there are no reversible appellate grounds, (3) referenced any grounds arguably supporting the appeal, and (4) concluded the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, No. 02-01-00349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel indicated that he had provided Father with a copy of his *Anders* brief, informed him how to obtain a copy of the appellate record, and notified him that he had the right to file a response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We also provided Father with a copy of counsel's *Anders* brief and informed him that he could review the record and file a response, and we gave him until May 8, 2018, to notify us if he intended to respond. *See id.* Father has not responded.[3]

---

[2]The trial court also terminated C.W.'s mother's parental rights, but she has not appealed.

[3]Our notification to Father, which we mailed to his last-known address, was returned as undeliverable. Father did not appear for trial and, at that time was believed to be in Mississippi. The caseworker testified that Father had told her that he did not want to work any services and that the Department "needed to do whatever [it] needed to do because [he and C.W.'s mother] weren't coming back."

Additionally, appellee the Department of Family and Protective Services informed this court that it agreed with counsel's *Anders* brief and declined to file a formal response.

In reviewing an *Anders* brief, we are to independently determine whether there are any arguable grounds for reversal and, thus, whether counsel correctly determined that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2; *In re AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.). Our review of the record reveals that Father had notice of the grounds alleged for terminating his parental rights, and although Father voluntarily did not appear for trial, that Father's appointed counsel was given the opportunity to present evidence and to defend Father's interests by cross-examining the adverse witness. Further, the evidence considered by the trial court legally and factually supported the trial court's findings that (1) Father's actions satisfied at least one ground listed in section 161.001(b)(1) and alleged in the termination petition and (2) terminating Father's parental rights was in C.W.'s best interests under section 161.001(b)(2).[4] *See*

---

[4]The trial court found grounds under section 161.001(b)(1)(N) (parent constructively abandoned child) as alleged in the Department's petition. Counsel's *Anders* brief mistakenly addresses grounds under sections 161.001(b)(1)(A) (parent left child with another and expressed intention not to return), (B) (parent left child with another without providing adequate support for child and remained away for at least three months), and (O) (parent failed to comply with court orders) and fails to address section 161.001(b)(1)(N). After reviewing the record ourselves and after construing counsel's brief liberally, we agree that the record shows that Father constructively abandoned C.W., who had been in the Department's care for not less than six months, and that (1) the

3

*generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment). These findings were based on credibility and weight-of-the-evidence choices that we may not second-guess. *See In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re L.M.I.*, 119 S.W.3d 707, 712 (Tex. 2003).

We find nothing in the record arguably supporting Father's appeal; thus, we affirm the trial court's final termination order. We remind counsel of his continuing duty to represent S.W. until he has exhausted his proceedings, including possibly filing a petition for review in the supreme court. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *1 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and KERR, JJ.

DELIVERED:  July 5, 2018

---

Department had made reasonable efforts to return C.W. to Father; (2) Father had not regularly visited or maintained significant contact with C.W.; and (3) Father had shown an inability to provide C.W. with a safe environment. *See* Tex. R. App. P. 38.9 ("Briefing Rules to Be Construed Liberally").